UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLAND TAUZIN,   )<br>   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>SEQUIUM ASSET SOLUTIONS, LLC,   )<br>   )<br>    Defendant.   ) | Civil Action No.:   4:20-cv-703<br><br>Judge:<br><br>Magistrate:<br><br>Division: |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROLAND TAUZIN ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, SEQUIUM ASSET SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Opelousas, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Marietta, Georgia.

11. Defendant is a business entity engaged in the collection of debt in the State of Louisiana.

12. Defendant's business includes collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal or household purposes.

19. Plaintiff does not owe the alleged debt.

20. Defendant knows or should know Plaintiff does not owe the alleged debt.

21. In or around January of 2020, Defendant began calling Plaintiff in an attempt to collect an alleged debt.

22. In or around January of 2020, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

23. During the aforementioned conversation, Plaintiff told Defendant's collector he did not owe the debt and to stop calling.

24. Plaintiff also disputed the alleged debt and requested the calls stop in writing.

25. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff and send written demands.

26. Defendant attempted to collect amounts not authorized by contract or law.

27. Defendant falsely represented the amount and status of the alleged debt.

28. Defendant used false and deceptive means in an attempt to collect a debt.

29. Defendant used false, deceptive, unfair, and unconscionable collection practices.

30. Plaintiff suffered mental and emotional distress due to Defendant's illegal actions.

31. Plaintiff suffered financial and economic harm due to Defendant's illegal actions.

32. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

33. Defendant's collectors are familiar with the FDCPA.

34. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

36. The preceding paragraphs are incorporated as if fully stated herein.

37. Defendant is liable under 15 U.S.C. § 1692c for engaging in illegal collection communications after a written cease request.

38. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

39. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

40. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.
5. Any other relief that this Court deems appropriate.

DATED:  June 3, 2020				RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff